HOFMANN & SCHWEITZER
Attorneys for Plaintiffs
1130 Route 202 South, Suite A7
Raritan, NJ 08869
Tel: 908-393-5662

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------x
GEORGE KISSENBERTH AND
NANETTE KISSENBERTH,

                    Plaintiffs,

     -against-                                  COMPLAINT -CIVIL
                                              AND ADMIRALTY

CONTI CORSO SCHIFFAHRTS GmbH & Co. 2,
CONTI REEDEREI MANAGEMENT GmbH & Co.
& KONZEPTIONS KG, NSB NIEDERELBE
SCHIFFAHRTSGESELLSCHAFT mbH & Co., KG,
and BBG BREMER BEREEDERUNGSGESELLSCHAFT
mbH & Co.KG.,

                    Defendants
-------------------------------------------------------------------------x

<u>JURY TRIAL DEMANDED</u>

      Plaintiffs George Kissenberth and Nanette Kissenberth claim of the defendants damages upon the following causes of action:

<u>FIRST CAUSE OF ACTION</u>

<u>THE PARTIES</u>

      1.     Plaintiffs are citizens of the State of Vermont. Plaintiffs are husband and wife.

      2.     Defendant Conti Corso Schiffahrts GmbH & Co. 2("Conti Corso 2") is a foreign corporation duly organized and existing by virtue of the laws of Germany and at all relevant times, did business in the State of New Jersey.

3.     Defendant Conti Reederei Management GmbH & Co. Konzeptions KG ("Conti Reederei") is a foreign corporation duly organized and existing by virtue of the laws of Germany and at all relevant times, did business in the State of New Jersey.

4.     Defendant NSB Niederelbe Schiffahrtsgesellschaft mbH & Co. KG ("NSB") is a foreign corporation duly organized and existing by virtue of the laws of Germany, and at all relevant times, did business in the State of New Jersey.

5.     Defendant BBG Bremer Bereederungsgesellschaft mbH & Co. KG ("BBG") is a foreign corporation duly organized and existing by virtue of the laws of Germany, and at all relevant times, did business in the State of New Jersey.

6.     Defendant M/S YELLOW SEA ex M/S JILFAR (hereinafter "the vessel") is a cargo container ship which sails to and from ports in the United States.

7.     The vessel sails to and from ports in the State of New Jersey.

8.     The jurisdiction of this Court of this first cause of action arises under and by virtue of the Court's admiralty jurisdiction, 28 U.S.C. §1331, and pursuant to this Court's diversity jurisdiction, 28 U.S.C. §1332(a)(2), this being a claim for greater than $75,000 exclusive of costs and interest.

9.     On March 1, 2009 plaintiff boarded the vessel to provide pilotage service for a voyage commencing in Port Newark/ Port Elizabeth which was intended to continue on to various ports.

10.    At said time, George Kissenberth was employed by, was an agent of and/or a principal of the Sandy Hook Pilots Association.

11.    Mr. Kissenberth, and the Sandy Hook Pilots Association, on March 1,

2

2009, were hired to provide pilotage services to the vessel, for and on behalf of its owners and operators, as required by law, from the pier at which it was docked to a point outside of the harbor.

12.    On March 1, 2009, Conti Corso 2 owned the vessel.

13.    On March 1, 2009, Conti Reederei owned the vessel.

14.    On March 1, 2009, NSB owned the vessel.

15.    On March 1, 2009, BBG owned the vessel.

16.    On March 1, 2009, Conti Corso 2 possessed the vessel.

17.    On March 1, 2009, Conti Reederei possessed the vessel.

18.    On March 1, 2009, NSB possessed the vessel.

19.    On March 1, 2009, BBG possessed the vessel.

20.    On March 1, 2009, Conti Corso 2 managed the vessel.

21.    On March 1, 2009, Conti Reederei managed the vessel.

22.    On March 1, 2009, NSB managed the vessel.

23.    On March 1, 2009, BBG managed the vessel.

24.    On March 1, 2009, Conti Corso 2 operated the vessel.

25.    On March 1, 2009, Conti Reederei operated the vessel.

26.    On March 1, 2009, NSB operated the vessel.

27.    On March 1, 2009, BBG operated the vessel.

28.    On March 1, 2009, Conti Corso 2 was the bareboat charterer/owner pro hac vice of the vessel.

29.    On March 1, 2009, Conti Reederei was the bareboat charterer/owner pro

hac vice of the vessel.

30.     On March 1, 2009, NSB was the bareboat charterer/owner pro hac vice of the vessel.

31.     On March 1, 2009, BBG was the bareboat charterer/owner pro hac vice of the vessel.

32.     On March 1, 2009, plaintiff George Kissenberth was a pilot aboard the vessel, lawfully thereon providing services to the vessel.

33.     Defendants Conti Corso 2, Conti Reederei, NSB, and BBG are major components of a trade name group known as the ContiGroup.

34.     The CONTI-Group holds itself out to the public as one of the world's leading managing owners of container vessels and tankers, including the M/V YELLOW SEA ex M/V JILFAR.  CONTI-Group holds itself out as designing and financing vessels, supervising their building process and operating said vessels for the most part on long term time-charter contracts.

35.     CONTI-Group's fleet currently comprises approximately 101 cargo carrying ocean-going ships.

36.     Conti-Group holds itself out as having served the shipping industry for more than 41 years, and has business partners, among which are included what it contends are "the elite of liner shipping companies."

37.     Defendants state through public pronouncements that NSB and BBG deal with technical matters such as ship design, shipbuilding supervision and efficient and reliable fleet operations.

4

38.     An affiliate of CONTI HOLDING holds shares in NSB Niederelbe Schiffahrtsgesellschaft mbH & Co. KG, Buxtehude and BBG Bremer Bereederungsgesellschaft mbH & Co. KG, Bremen. Both are responsible for ship management of CONTI vessels.

39.     Furthermore the CONTI Group has an indirect shareholding in the ship broker Continental Chartering GmbH & Co. KG, Hamburg, to support a continous employment of the vessels.

## THE INCIDENT

40.     On March 1, 2009, while the vessel was in navigable waters, because of the unsafe condition of the vessel and the negligence of the defendants, plaintiff George Kissenberth was caused to sustain the serious injuries more specifically set forth hereunder when he slipped and fell and injured himself on ice and snow in a walking area of the deck of the vessel that should have been, but was not, cleared of slippery substances, to wit, the ice and snow.

41.     Plaintiff's injuries were caused by the negligence of the defendants, jointly and severally, and by their agents, servants, workmen and employees and by defendants' breach of its obligations under the circumstances.

42.     Solely by reason of the negligence of the defendants, as set forth above plaintiff's muscles nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised and otherwise injured.  It caused plaintiff to sustain severe injury to his right knee, requiring surgery, and the full extent of his injuries still are not yet known.  It caused plaintiff to sustain internal injuries, the full extent of which is not known; to

5

sustain severe injury and shock to the nerves and nervous system.  It caused plaintiff to obtain in the past, and will cause plaintiff to obtain in the future, medical treatment, care and attention. In the past and the future plaintiff was, and will be, obliged to expend monies and incur obligations for medical care and attention.  Plaintiff suffered, and will in the future suffer, agonizing aches, pains and mental anguish.  Plaintiff in the past was, and will in the future be, disabled from performing usual duties, occupations and avocations.

43.   The M/V YELLOW SEA, ex. M/V JILFAR, is, or during the pendency of this litigation, will be in the jurisdiction of this court.

44.   By reason of the foregoing, plaintiff George Kissenberth claims damages in an amount in excess of One Hundred Thousand Dollars ($100,000), but furthermore, in an amount to be determined by the trier of fact.

<u>SECOND CAUSE OF ACTION</u>

Plaintiff Nanette Kissenberth complaining of the defendants, alleges as follows:

45.   Plaintiffs repeats and realleges each and every allegation contained in the previous paragraphs as if fully restated herein.

46.   Plaintiff Nanette Kissenberth is the lawful spouse of George Kissenberth.

47.   By reason of the injuries suffered by George Kissenberth, through the negligence of the defendants, Nanette Kissenberth has been deprived of the services and society of her spouse.

48.   For said injuries, Nanette Kissenberth claims damages in excess of One Hundred Thousand Dollars ($100,000).

6

WHEREFORE, plaintiffs pray that judgment be entered against the defendants for damages, on the first cause of action in amounts to be determined by the trier of fact that will adequately compensate plaintiffs and for such interest costs and counsel fees as the Court may deem just and proper. Furthermore, plaintiff demands trial by jury on all issues so triable.

ADDITIONALLY, plaintiffs pray:

1.     That a warrant of arrest issue against the said vessel, her boilers, engines, tackle, appurtenances, etc., and that all persons claiming any right, title or interest therein be cited to appear and answer all the matters aforesaid;

2.     That citation issue against defendants and to appear and answer all the matters aforesaid;

3.     That this Honorable Court enter judgment for plaintiffs in accordance with the sums set forth as aforesaid together with interest, costs and counsel fees;

4.     That the said vessel, her boilers, engines, tackle, appurtenances, etc. be condemned and sold to pay the same;

5.     That judgment be entered against the defendants for compensatory damages in the amount found by the trier of fact, and for such maintenance, cure and wages as the Court may determine to be due and owing upon the trial of this cause, and for such interest, costs, punitive damages and counsel fees as the Court may deem just and proper.

Dated: Raritan, New Jersey
      November 8, 2011

HOFMANN & SCHWEITZER
Attorneys for Plaintiff

By: _____
Paul T. Hofmann (PH 1356)
1130 Route 202 South, Ste. 7A
Raritan, New Jersey 08869
Tel: 908-393-5662

VERIFICATION

Plaintiffs hereby state that they have read the complaint in this matter, that the statements therein are true to the best of their knowledge, except for those statements made upon information and belief, and as to them, they believe them to be true.

GEORGE KISSENBERTH

NANETTE KISSENBERTH

Sworn to before me this
11 day of Nov , 2011

Notary Public